Francis T. **SPENCER**, Plaintiff,

v.

Edward J. **BRENNER**, Commissioner of Patents, Defendant.

Civ. A. No. 2328-65.

United States District Court

District of Columbia.

March 28, 1966.

———◆———

James W. Dent, Washington, D. C., Richard F. Walker, Roberts, Cushman & Grover, Boston, Mass., for plaintiff.

Joseph Schimmel, Sol., Lutrelle F. Parker, Washington, D. C., of counsel, for defendant.

JACKSON, District Judge.

This cause came on for trial March 2, 1966, at the conclusion of which the Court found for the defendant and against plaintiff, who failed to prove that the decisions of the Patent Office tribunals were either clearly erroneous or lacked a rational basis. Pursuant to Rule 52(a), F.R.Civ.P., the Court now makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. This civil action was brought by plaintiff, Francis T. Spencer, pursuant to 35 U.S.C. § 145 seeking a judgment authorizing defendant, the Commission-er of Patents, to issue a patent containing Claims 39 and 43 of plaintiff's application, Serial No. 184,822, filed April 3, 1962, entitled "Heat-Insulating Material and Method of Making the Same".

2. The invention relates to a drapeable heat insulating material and a method of making the same. The material disclosed consists of a sheet of commercially available polyvinyl or polyurethane foam laminated to either a woven or knitted fabric. The sheet of foam is embossed to a depth of at least one-half of its original thickness to provide, as set forth in article Claim 43, a surface pattern consisting of indentations and parallel rows of masses of foam, with the masses of one row being staggered relative to those of the next adjacent row.

Claim 39, directed to a method of manufacture, includes the steps of:

(a) providing a sheet of completely cured, resilient-spongy, homogeneous plastic foam of a uniform thickness:

(b) supporting the sheet upon a smooth rigid surface, and

(c) embossing the sheet by the application of a heated implement to its exposed face.

3. The defendant relies upon the following prior art patents to show that the subject matter of the two claims in issue would be obvious to one ordinarily skilled in the art.

(a) the patent to Wintermute et al., No. 3,012,926, granted December 12, 1961, relates to a method of making quilted padded articles. It discloses the steps of providing a pad of foam elastomer such as vinyl or urethane and embossing the same between a heated embossing die and a backup plate. The embossing operation may be such as to provide grooves of a depth which exceeds one-half the original thickness of the pad.

(b) the Bird patent, No. 2,865,046, granted December 23, 1958, relates to an apparatus and method for producing patterned foam rubber coated fabrics. It discloses a heated drum

with indentations and projections disposed in parallel rows in staggered relation to each other. The projections are impressed into a vinyl or polyurethane foam which is bonded to a woven or knitted material.

4. The Wintermute et al. patent (Figure 5), shows that it is old in the art to use a heated embossing die to impress a quilted pattern with indentations that exceed one-half of the original thickness of the material into a foam elastomer pad while the same is held against a smooth rigid surface, and Claim 39, therefore, significantly distinguishes over that patent only in the thickness of the material used and in the staggered arrangement of the indentations.

5. Polyurethane material of the thickness claimed by plaintiff is admitted by plaintiff to be commercially available, and there is no unobvious aspect to embossing foam material of that thickness. A thin sheet of the order claimed could be readily embossed to provide drapeability to the article.

6. Since the Bird patent shows a staggered arrangement of the projections and indentations, it would be obvious to the worker of ordinary skill in the art to modify the die pattern of the Wintermute et al. patent so as to provide a staggered arrangement in the foam product produced by the Wintermute et al. method.

7. The Bird patent provides response for each of the various material limitations recited in Claim 43 except that which calls for a single-ply sheet material of a specific thickness.

8. To omit the fabric base from the material shown in the Bird reference (Figures 11 and 12) would be an obvious modification of the Bird material, especially in view of the Wintermute et al. intermediate product, i. e., the embossed pad.

9. The differences between the subject matter of Claims 39 and 43 of plaintiff's application, Serial No. 184,822, and the prior art are such that the subject matter as a whole would have been obvious at the time plaintiff's invention was made to a person having ordinary skill in the art of heat insulating materials and methods of making the same.

### CONCLUSIONS OF LAW

1. Claims 39 and 43 are unpatentable over the cited prior art. 35 U.S.C. § 103.

2. Plaintiff is not entitled to a patent containing either of Claims 39 and 43 of his patent application, Serial No. 184,822.

3. The Complaint should be dismissed.